IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICE L. ELLIS,

        Defendant/Petitioner,        Case No. 3:06 CR 710-02

-vs-

                                                                        O  R  D  E  R

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

KATZ, J.

Petitioner, Patrice L. Ellis, ("Ellis") has filed a motion under 18 U.S.C. § 3582(c)(2) to modify or reduce her sentence; the Government has filed a response and the Court is ready to rule. Petitioner's motion will be denied.

Petitioner and her co-defendant were charged in a two count indictment with armed bank robbery and using and carrying a firearm during and in relation to a crime of violence. Subsequent to the negotiation of a plea agreement, Ellis entered a plea of guilty to armed bank robbery and, on June 8, 2006, was sentenced to a term of 57 months to be followed by 5 years of supervised release. (Doc. No. 22). No direct appeal was filed.

The instant motion was filed on January 2, 2008, seeking to modify her sentence pursuant to 18 U. S. C. § 3582(c)(2). ( Doc. No. 33). She bases her motion upon Amendment 12 to the U. S. Sentencing Guidelines relating to addressing areas of Guideline Chapter Four, criminal history rules and the counting of multiple sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. (Doc. 33 at p. 3). *See* U. S. Sentencing Guideline Amendment 709, which became effective for sentences pronounced on and after

November 1, 2007. The Sentencing Commission lists in Section 1B1.10(c) those particular guideline amendments that a court may apply retroactively pursuant to Section 3582(c)(2). Guideline Section 1B1.10(a) explicitly provides that retroactive application of any guideline other than those listed in 1B1.10(c) is not consistent with the policy statement in Section 3582(c)(2).

In the instant motion Ellis requests the Court to reduce her sentence and relies on the amended Federal Sentencing Guidelines which became effective November 1, 2007. Subsequent to a public hearing on November 13, 2007, the Sentencing Commission determined to apply retroactively its recent Sentencing Guideline amendments lowering the guideline ranges for *crack cocaine convictions only*. Consequently, there is *no* retroactive application of Amendment 709, pertaining to criminal history calculations. Quite simply, Amendment 709 was not included among those sections which have been granted retroactive application.

As a result of the foregoing, because Ellis's sentence was for armed bank robbery this Court has no jurisdiction to provide the relief requested in the instant motion. Having found that there is no retroactive application of the criminal history sentencing guideline Amendment 709, the Court will deny Petitioner's motion.

IT IS SO ORDERED.

                                                             s/ *David A. Katz*
                                                            DAVID A. KATZ
                                                            U. S. DISTRICT JUDGE